IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LDG ARCHITECTS, LLC,

      Plaintiff,

vs.                                                      Civ. No. 25-504 JHR/SCY

EUROLITE DOORS, LLC,

      Defendant.

## ORDER TO AMEND COMPLAINT

This matter comes before the Court sua sponte, following its review of the Complaint, filed by Plaintiff LDG Architects on May 28, 2025. Doc. 1. Plaintiff filed this action in federal court citing diversity jurisdiction. *Id.* ¶ 3. Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." "A federal court's jurisdiction must clearly appear from the face of a complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972). The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the complaint fails to allege the necessary facts to sustain diversity jurisdiction.

Here, the complaint alleges that Plaintiff "LDG Architects LLC is a Limited Liability Company, formed in New Mexico and registered in New Mexico, that provides architectural services from its principal place of business in Taos, New Mexico." Doc. 1 ¶ 1. And as to Defendant, it alleges that, "[u]pon information and belief, Eurolite is a Limited Liability

Company, formed and with its principal place of business in Wyoming, that designs, manufactures, and distributes fenestration products within the United States." *Id.* ¶ 2. These allegations are insufficient because determining the citizenship of an unincorporated entity such as limited liability company (LLC) is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See id.* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity"). Plaintiff's Complaint, however, does not provide any information as to the citizenship of either LLC's members.

**IT IS HEREBY ORDERED** that Plaintiff amend its Complaint to properly allege facts sufficient for diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than August 8, 2025.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by August 8, 2025, the Court may dismiss this action without prejudice.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE